UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND EVANS,

                Plaintiff,

v.

RICHARD HEIDORN, M.D., and
JEANANNA ZWIERS,

                Defendants.

Case No. 10-CV-804-JPS

ORDER

      The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court previously screened the plaintiff's complaint and allowed the plaintiff to proceed on an Eighth Amendment medical care claim against defendants Richard Heidorn and Jeananna Zwiers. It additionally granted his motion to proceed *in forma pauperis*. Now before the court is the plaintiff's motion to amend his complaint. A proposed amended complaint is attached to this motion.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, an amended complaint supersedes a prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, for instance, the appellate court emphasized that in such instances the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

In his amended complaint, the plaintiff is proceeding on the same Eighth Amendment claim as the original complaint and has added the following defendants: Nurse J. Lutsey, Nurse Kathy Lemons, Nurse Kamarawski, Sauk County Sheriff John Doe, and Sauk County Sheriff Deputies John Doe 1-10.

Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Trujillo v. Williams*, 465 F.3d 1201, 1227 (10th Cir. 2006); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). If someone else has committed the act that resulted in the constitutional deprivation, then the defendant is personally responsible, and thus liable under § 1983, *only if* he knows about the other person's act, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009); *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

Moreover, the Seventh Circuit Court of Appeals has recognized that a prisoner may not be in a position to identify the proper defendants in a complaint. *Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995). While he must eventually discover the names of the defendants, at the screening stage of the proceedings a complaint is not subject to dismissal for failure to identify the defendants by name. *Id.*

Here, the plaintiff has alleged that the defendants he seeks to add were personally involved in the violation of his Eighth Amendment rights. Moreover, his proposed amended complaint is complete without reference to the original complaint. Thus, the court will grant his motion to amend. The plaintiff must serve the proposed amended complaint electronically, as instructed below.

IT IS THEREFORE ORDERED that the plaintiff's motion to amend his complaint (Docket #19) be and hereby is GRANTED.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's

complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

IT IS ALSO ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

Page 5 of 6

Case 2:10-cv-00804-JPS   Filed 10/14/11   Page 5 of 6   Document 21

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge