UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND EVANS,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD HEIDORN, JEANANNA ZWIERS,<br>NURSE LUTSEY, NURSE KATHY LEMONS,<br>NURSE KAMARAWSKI,<br>RANDY M. STAMMEN,<br>MICHAEL HAFEMAN, SGT. LANGE,<br>SGT. BRANDT, DEPUTY HEWITT,<br>DEPUTY BIRDSILL, DEPUTY SCHAUFF,<br>DEPUTY HAMMER, DEPUTY MARTINEZ,<br>DEPUTY HAMMERMEISTER,<br>DEPUTY VANDENHUEVEL,<br>DEPUTY KREYER, and<br>DEPUTY CUMMINGS,<br><br>        Defendants. | Case No. 10-CV-804-JPS<br><br><br><br><br><br><br><br>ORDER |

   This matter is now before the court on the State defendants' motion for summary judgment.[1]

1.  SUMMARY JUDGMENT STANDARD

   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that

---

[1] The State defendants include: Richard Heidorn, Jeananna Zwiers, and Nurses Lutsey, Kathy Lemons, and Kamarawski.

"might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2.   FACTUAL BACKGROUND

The plaintiff, Raymond Evans, is a prisoner in the custody of the State of Wisconsin Department of Corrections (DOC). At all relevant times, he was housed at the Green Bay Correctional Institution (GBCI).

In June 2010, September 2010, and April 2011, the plaintiff requested medical treatment for lower back pain. Each time, he was scheduled for an appointment with a nurse or doctor. However, prior to each appointment, the plaintiff was asked to pay a $7.50 co-payment, which he refused to pay, and declined treatment.

The plaintiff had approximately $50.00 in his prison trust account in June 2010 and could have paid the co-payment, but he chose not to. In September 2010, the plaintiff was told that he could pay the co-payment, be seen, and then write to the Health Services Unit manager to get the charge overturned. Instead, the plaintiff refused the appointment. The plaintiff also refused the appointment in April 2011 after he was informed that he would have to pay the co-payment.

DOC's co-payment policy requires inmates to pay $7.50 for each inmate-initiated health service request that results in face-to-face contact with a health care provider. Inmates are not denied health care if they cannot pay the co-payment. Instead, the inmate is seen and the money is deducted from the inmate's prison trust account.

3.  DISCUSSION

The State defendants argue that they are entitled to summary judgment.  First, they argue that there is no evidence that the plaintiff was suffering from a serious medical need in 2010 and 2011.  They suggest that the plaintiff's own conduct (i.e., choosing not to receive treatment because he did not want to pay a $7.50 co-payment) is evidence that the plaintiff did not think he needed treatment.  Second, these defendants submit that, even if the plaintiff had a serious medical need, they were not deliberately indifferent because the plaintiff was offered the opportunity to see a health care provider each time he asked and the plaintiff cannot blame the prison health care staff for the plaintiff's choice to refuse treatment.

The plaintiff's only argument in his brief with regard to the State defendants is that just as he could have chosen to pay the $7.50, the HSU staff could have refrained from imposing the co-payment.  In his affidavit, the plaintiff reveals that he objected to the co-payment because his back pain was a pre-existing medical condition and he should not have had to pay a co-payment to be seen for a pre-existing condition.

There is no evidence of deliberate indifference here.  *See Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The defendants were never given the opportunity to be deliberately indifferent because the plaintiff refused to pay the $7.50 co-payment. It follows that the plaintiff would have put his health above the $7.50 and paid the co-payment if he really needed medical treatment.   It is also telling that he could have paid the $7.50 and then petitioned to get it back after he was seen if he believed the co-payment was charged in error. Yet, on three separate occasions, the plaintiff chose not to see the doctor or
Page 3 of  5

Case 2:10-cv-00804-JPS   Filed 01/29/13   Page 3 of 5   Document 107

nurse over just the idea of a temporary loss of $7.50. The court is not prepared to determine that the plaintiff's back pain was not a serious medical need, but nor will the court hold the defendants responsible for a failure to provide medical care when they were not given the chance to render any care.

Additionally, neither the DOC nor the individual HSU employees violated the plaintiff's constitutional rights by requiring a co-payment before the plaintiff would be seen by a nurse or doctor. Although the plaintiff was allowed to proceed on an Eighth Amendment claim regarding the medical care he did not receive, a challenge to the co-payment itself is really a Due Process claim under the 14th Amendment. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245 (1983). In a footnote in *City of Revere*, the Supreme Court noted: "Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him." *Id.* at 245 n.7.

Very recently, in *Poole v. Isaacs*, __ F.3d __, 2012 WL 6720508, *2 (7th Cir. Dec. 28, 2012), the Seventh Circuit answered the question left open by *City of Revere* when it held that "the imposition of a modest fee for medical services, standing alone, does not violate the Constitution." As in this case, Poole had the ability to pay the co-payment. Also, as in this case, if Poole had not had the ability to pay, he would have been exempt from the requirement. Thus, to the extent the plaintiff is challenging the requirement that a co-payment be remitted before a prisoner is seen by a nurse or doctor, that claim fails. *See id.*

Based on a reading of his affidavit, the plaintiff may also be challenging the application of the co-payment rules to his back pain, which

he contends was a pre-existing condition. If so, just as in *Poole*, the question of whether the plaintiff's situation fits into one of the other exceptions to the co-payment rule, is a state law question that cannot be pursued under § 1983. *Id.* at \*3 (citing *Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003)).

Accordingly,

IT IS ORDERED that the State defendants' motion for summary judgment (Docket #71) be and the same is hereby GRANTED; this action be and the same is hereby DISMISSED on its merits as against the State defendants together with costs as taxed by the Clerk of the Court.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge